In the Matter of the Estate of HAROLD T. McCANN, Deceased.

Surrogate's Court, Bronx County, January 17, 1949.

*Levy, Galotta & Corcoran* for Leo N. McCann, as administrator of the estate of Harold T. McCann, deceased, petitioner.

*Morris C. Kimmel* for Theresa Long, respondent.

HENDERSON, S. The decedent entered into a contract of employment which by its terms required him to go to Greece. Before leaving, the decedent and the respondent attempted to open a joint account in a commercial bank. The bank required a minimum for such an account which was in excess of the sum that they desired to deposit. The account was opened in the name of the respondent.

However, both of them signed a signature card authorizing the bank to open up a joint account in their names. Such authority was in the following language:

" Each of us constitutes the other as agent in regard to all transactions and dealings in connection with the said account and any overdrafts upon the same. Each of us hereby authorizes the other and any third person whomsoever to endorse the name of the payee or endorsee and deposit with you to the credit of said account any checks or other instruments for the payment of money which may be drawn or endorsed to the order of either or both of us or any securities or other property owned by either or both of us. Either of us by an instrument satisfactory to and filed with the Corn Exchange Bank Trust Company may also authorize a third person or persons to draw against such account. It is agreed that this account is accepted and continued by the Corn Exchange Bank Trust Company on condition that checks against it shall be drawn only upon the branch with which the account is kept, and that every check credited as a deposit to this account, drawn on other offices of the Corn Exchange Bank Trust Company, or other banks, is received only subject to actual payment by the said other offices or banks.

Respectfully yours,<br>HAROLD T. MCCANN<br>THERESA M. LONG "

He also executed a power of attorney pursuant to which the respondent collected the balance of his salary after certain deductions were made for advances to him for his personal use. The respondent received $3,101.19, all of which was deposited to their joint account. When there was sufficient money to open the joint account, the personal account of the respondent was changed into the joint account. There is no testimony that any other money found its way into this account except that of the decedent. After his death, all the money was withdrawn by the respondent. The estate claims this money as does the respondent who asserts that she is entitled thereto by reason of her survival of the decedent.

The estate urges that the respondent was a fiduciary and that at all times she was holding the decedent's money for him. It claims that the placing of this money in the joint account without authority to do so from the decedent was fraudulent, and since no such authority has been shown, the respondent did not get title to the fund by reason of her survival of the decedent.

The court is in agreement that such authority must be shown by the respondent. Both parties to this proceeding have cited *Matter of Jagodzinska* (272 App. Div. 660). The facts there and those of the instant case are dissimilar. However, in that case the bank signature card was admitted in evidence. There, weight was given to the language of the signature card which was quoted at some length. The court said at page 664: " Such declaration made by the deceased contemporaneously with depositing the money is competent evidence against the administrator as to the intent of the deceased entirely apart from the presumption flowing from the form of the deposit. (*Von Sachs* v. *Kretz,* 72 N. Y. 548, 555; *People* v. *Storrs,* 207 N. Y. 147, 161.) "

On this signature card the decedent and the respondent stated: " Each of us hereby authorizes the other * * * to endorse the name of the payee or endorsee and deposit with you to the credit of said account any checks or other instruments for the payment of money which may be drawn or endorsed to the order of either or both of us * * *."

The only inference that can be drawn from the conduct of the decedent and the respondent and the language used by them in stating the conditions and the purposes of the account on the signature card is that the respondent had authority from him to make the deposits in their joint account.

This proceeding is dismissed on the merits.

Settle decree.